**In re PETITION FOR DISCIPLINARY ACTION AGAINST Mark Jonathan PADGETT, a Minnesota Attorney, Registration No. 207962.**

**No. A06–930.**

Supreme Court of Minnesota.

June 2, 2006.

vised and conditional release revocation [does not] usurp[ ] and interfere[ ] with functions of

---

ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Mark Jonathan Padgett committed professional misconduct warranting public discipline, namely, making false timekeeping entries in violation of Minn. R. Prof. Conduct 8.4(c).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and two years' unsupervised probation.

The court has independently reviewed the file. While the court agrees that respondent should be placed on probation for the protection of the public, the court concludes that unsupervised probation alone is unlikely to adequately protect the public. The court further concludes that should respondent return to a practice requiring maintenance of time records or billing for legal services, respondent should be placed on supervised probation at that time.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Mark Jonathan Padgett is publicly reprimanded and is placed on unsupervised probation for a period of one year, subject to the following conditions:

the judiciary").

a. Respondent is not currently engaged in the private practice of law such that it is necessary for him to maintain time records for billing purposes. If, at any time in the future, respondent engages in the practice of law with a private firm or governmental entity under circumstances such that maintenance of time records for internal or external billing purposes is required, respondent shall be supervised, for a period of two years from the date respondent joins the firm or entity, by another licensed attorney within the firm or governmental entity who shall be responsible for the accuracy of respondent's billings and work records. Respondent shall notify the Director upon his return to such a practice and shall provide the Director with the name of the attorney within the firm or governmental entity who will serve as respondent's supervisor. Respondent's supervisor shall file written reports regarding respondent's compliance with the terms of his probation with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

b. If at any time in the future respondent engages in the practice of law as a sole practitioner, respondent shall be supervised, for a period of two years from the date he begins practice as a sole practitioner, by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of probation. Before engaging in practice as a sole practitioner, respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Respondent shall: (1) maintain accurate time and billing records; (2) maintain an accurate calendar of appointments, hearings, conferences, and other events for which he will be claiming attorney fees; and (3) maintain accurate telephone logs detailing the date, time, and duration of telephone conferences. Respondent shall make these records available to his supervisor as requested and shall provide the supervisor with any additional information requested so that the supervisor may confirm the accuracy of respondent's time records. Until a supervisor has signed a consent to supervise, the respondent shall provide his time and billing records, calendar, and phone log to the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director. Respondent's supervisor shall file written reports regarding respondent's compliance with the terms of his probation with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

c. Respondent shall cooperate fully with his supervisor and with the Director's office in their efforts to monitor compliance with his probation. Respondent shall respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the provisions of this order.

d. Respondent shall abide by the Minnesota Rules of Professional Conduct.

e. Respondent shall pay $900 in costs under Rule 24, RLPR.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice