The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Mary Jaclyn Thompson, f/k/a Mary Jaclyn Cook, after the Presiding Disciplinary Judge of the Supreme Court of Colorado suspended her for 9 months. See People v. Cook , Case No. 17PDJ051, Order at 1 (Colo. O.P.D.J. filed Aug. 10, 2017). Respondent was suspended in Colorado after she submitted false billing entries for the December 2016 billing cycle. Respondent initially lied to attorneys at her firm when they confronted her about the falsified billing entries but confessed later that day. Respondent submitted the false billing entries in order to meet her law firm's yearly billable-hours expectation for associates. No client paid an inflated billing entry. Respondent's misconduct violated Colo. R. Prof. Conduct 4.1(a) and 8.4(c). The Presiding Disciplinary Judge found the existence of one aggravating factor and several mitigating factors. When respondent, who is a resident of Colorado, was reinstated to practice law in Colorado in May 2018, she was not placed on probation.
The parties have filed a stipulation for discipline with the court. In it, respondent waives her procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), waives her right to answer the petition, and unconditionally admits the allegations in the petition. The parties jointly recommend that the appropriate discipline is a 6-month suspension, retroactive to August 10, 2017, the date of respondent's Colorado suspension, that the requirements for reinstatement in Rule 18(a)-(d), RLPR, be waived, and that no period of probation be imposed if respondent is reinstated to the practice of law in Minnesota. The parties contend that reciprocal discipline is not appropriate in this case because the imposition of the same discipline would be substantially different than the discipline warranted in Minnesota.
The court has independently reviewed the file and approves the jointly recommended disposition. Although we typically impose identical discipline in a reciprocal disciplinary proceeding, identical discipline is not required if it is "substantially different from [the] discipline warranted in Minnesota." Rule 12(d), RLPR. We have imposed less-severe discipline in similar cases involving false billing entries when the misconduct occurred during a short period of time and no client paid an inflated time entry. See In re Gottschalk , 818 N.W.2d 520, 520 (Minn. 2012) (order) (publicly reprimanding an attorney for submitting false billing entries and then lying about those entries to lawyers at his firm); In re Padgett , 714 N.W.2d 706, 706 (Minn. 2006) (order) (publicly reprimanding an attorney for false billing entries). We conclude that a 9-month suspension is substantially different from the discipline *688 warranted in Minnesota and agree that a 6-month suspension is appropriate.
Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Mary Jaclyn Thompson is suspended from the practice of law for a minimum of 6 months, retroactive to August 10, 2017.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).
3. Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.
4. Respondent is eligible for reinstatement to the practice of law. The requirements for reinstatement in Rule 18(a)-(d), RLPR, are waived. In order to be reinstated, respondent must file with the Clerk of the Appellate Courts and serve upon the Director an affidavit establishing that she is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.
5. Within 1 year of the date of the filing of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic re-suspension, as provided for in Rule 18(e)(3), RLPR.
BY THE COURT:
/s/ ______________________________
David L. Lillehaug
Associate Justice